UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHELEN STEPHENSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 3:26-cv-00034 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Johelen Stephenson ("Plaintiff"), by and through undersigned counsel, brings this Defendant United States of America ("United States"), pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and alleges as follows:

**I. PARTIES**

1. Plaintiff Johelen Stephenson is a citizen and resident of Oak Ridge, Anderson County, Tennessee.

2. Defendant United States of America is liable for the negligent and wrongful acts and omissions of its employees and agents, including employees of the United States Postal Service ("USPS"), acting within the course and scope of their employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the law of the State of Tennessee.

**II. JURISDICTION AND VENUE**

3. This Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1346(b)(1).

1

4. Plaintiff's claims are authorized by the FTCA, 28 U.S.C. §§ 2671-2680.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1402(b) because Plaintiff resides in this District and the acts and omissions giving rise to this claim occurred in this District, including at the USPS facility located at 108 Administration Road, Oak Ridge, Tennessee 37830.

6. This action is tried to the Court without a jury pursuant to 28 U.S.C. § 2402.

### III. ADMINISTRATIVE PRESENTMENT AND EXHAUSTION

7. As required by 28 U.S.C. § 2675(a), Plaintiff timely presented an administrative tort claim to the USPS for the incident described below. The USPS assigned National Tort Center ("NTC") File No.: NT202521136 to Plaintiff's claim.

8. Plaintiff's administrative claim was presented to the USPS on or about February 14, 2025.

9. To date, Plaintiff has not received any written notice of final denial of her administrative claim.

10. More than six (6) months have elapsed since presentment of Plaintiff's administrative claim, and the USPS has not made a final disposition of the claim by written denial. Accordingly, Plaintiff's claim is deemed denied pursuant to 28 U.S.C. § 2675(a), and this civil action is timely and properly filed.

### IV. FACTUAL ALLEGATIONS

11. On January 22, 2024, in the early afternoon, Plaintiff visited the United States Post Office located at 108 Administration Road, Oak Ridge, Tennessee (the "Premises"), as a customer and invitee.

12. In the days leading up to Plaintiff's visit, the Oak Ridge area experienced snow and ice. On January 22, 2024, the entry area to the Premises remained covered in snow and ice.

13. From the sidewalk to the entry walkway at the Premises, there is a step/series of steps and/or elevation transition leading from an exterior landing to the approach to the entrance of the Post Office.

14. Instead of clearing the ice and snow and/or providing safe ingress and egress, USPS employees and/or agents placed or allowed to remain a rug/mat with a rubber underside over the icy step(s), purportedly as a "safety" measure.

15. The rug/mat was not secured and was positioned so that it draped and "cascaded" over the step(s) rather than being fixed flush to the tread/riser surfaces. A witness later described the rug as loosely rolling over each step, with visible ice on and around it – "an accident waiting to happen."

16. There was ice beneath and around the rug/mat, and there were no adequate warnings, cones, barricades, signage, or other measures to alert patrons to the hazard or to prevent use of the unsafe path of travel.

17. Plaintiff carefully entered the Premises and completed her errand. As Plaintiff exited and used the same route, the rubber-backed rug/mat unexpectedly shifted and/or launched from under Plaintiff's foot due to the icy conditions and the rug's unsecured placement.

18. As a direct and proximate result, Plaintiff violently fell onto the icy pavement/ground.

19. Photographs taken a few days after the fall – after snow and ice had melted – depict the exterior entrance approach and elevation transition area and show that the rug/mat remained outdoors near the stair/transition area.
Representative photographs of the exterior entrance/approach and elevation-transition area taken a few days after the incident (after snow and ice had melted) are attached hereto as Exhibit A.

20. Plaintiff sustained severe injuries, including a comminuted dorsal angulated distal radius metaphysis fracture and a displaced ulnar styloid fracture of the right wrist. Plaintiff required surgical open reduction and internal fixation ("ORIF") on January 26, 2024, and extensive follow-up care and therapy.

21. Plaintiff also sustained a right shoulder injury, including adhesive capsulitis, requiring additional evaluation, injections, and therapy.

22. Plaintiff has endured significant pain and suffering, functional limitations, and loss of enjoyment of life, and she ahs been assigned a permanent impairment rating following a functional capacity evaluation.

V. **CLAIM FOR RELIEF – NEGLIGENCE (TENNESSEE LAW) (FTCA)**

23. Plaintiff incorporates by reference Paragraphs 1 through 22 as if fully set forth herein.

24. Under Tennessee law, the owner/occupier of premises owes a duty to exercise reasonable care under all circumstances to maintain the premises in a reasonably safe condition for invitees and to remove, correct, or warn of dangerous conditions of which it knows or should know.

25. The United States, acting through USPS employees and agents, owed Plaintiff a duty to maintain safe means of ingress and egress at the Premises, including the exterior landing and step(s)/transition, and to use reasonable care to remove snow and ice, to secure any temporary coverings, and to warn of hazards.

26. The United States breached its duties by, among other things:

    (a) Failing to reasonably inspect, maintain, and/or remedy snow and ice accumulation at the Premises;

4

(b) Creating and/or maintaining a hazardous condition by placing and/or allowing an unsecured rubber-backed rug/mat to drape over icy step(s)/transition;

(c) Failing to secure the rug/mat to prevent slipping, shifting, or "launching" on the icy surface;

(d) Failing to adequately salt, de-ice, clear, barricade, or otherwise make safe the hazardous area;

(e) Failing to provide adequate warnings (signage, cones, barricades) to patrons regarding the hazard; and

(f) Otherwise failing to exercise reasonable care under the circumstances.

27. These negligent acts and omissions were the direct and proximate cause of Plaintiff's fall and resulting injuries and damages.

28. Plaintiff was exercising reasonable care for her own safety and is not responsible for the injuries and damages complained of herein.

**VI. DAMAGES**

29. As a direct and proximate result of Defendant's negligence, Plaintiff has sustained and will continue to sustain damages, including but not limited to:

(a) Past and future medical expenses (including surgical care, anesthesia, imaging, therapy, injections, and follow-up care);

(b) Past and future pain and suffering;

(c) Permanent impairment and loss of functional capacity;

(d) Loss of enjoyment of life and mental anguish;

(e) Lost earnings and/or loss of earning capacity; and

(f) All other compensatory damages recoverable under Tennessee law and the FTCA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant United States of America and award:

A. Compensatory damages as proved at trial, not exceeding the amount presented in Plaintiff's administrative claim ($250,000.00);

B. Costs of this action as permitted by law; and

C. Such other further relief as the Court deems just and proper.

D. Plaintiff does not demand a jury trial. This action is tried to the Court pursuant to 28 U.S.C. § 2402.

Respectfully submitted,


/s/ Jeffrey H. Glaspie
Jeffrey H. Glaspie (BPR# 033311)
GLASPIE & RICKMAN, PLLC
*Attorney for Plaintiff*
500 Park Rd.
Sevierville, TN 37862
865-505-0123
(F) 865-505-9799
jeff@GandRlawfirm.com