UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHELEN STEPHENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:26-CV-34-TAV-DCP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Plaintiff commenced this lawsuit on January 26, 2026, meaning that his deadline to serve Defendant was April 27, 2026. *See* Fed. R. Civ. P. 4(m). On April 29, 2026, Plaintiff filed the Motion for Extension of Time to Complete Service, for Issuance of Alias Summonses, and to Permit Amended Proof of Service [Doc. 13]. He seeks a thirty-day extension to serve Defendant [*Id.* at 1]. For the reasons set forth below, the Court **GRANTS** the motion [**Doc. 13**].

I. **BACKGROUND**

Plaintiff submits that on January 26, 2026, the summonses were issued to Attorney General of the United States, the United States Attorney's Office for the Eastern District of Tennessee, and the Postmaster General" [*Id.* at 2 (citation omitted)]. The following day, on January 27, 2026, Plaintiff "retained Michael Carbone with Chelsea Adjusting Service to effectuate service of process on the required federal recipients" [*Id.*]. On January 31, 2026, Plaintiff states that he achieved service on the United States Attorney's Office for the Eastern District of Tennessee [*Id.*]. Plaintiff's process server, however, did not retain the certified-mail Article Numbers for th[e]

mailings [to the Attorney General of the United States and the Postmaster General]" [*Id.*]. "Plaintiff therefore cannot presently verify delivery through USPS tracking" [*Id.*].

On March 30, 2026, Defendant filed an Answer, asserting "insufficient service under Rule 12(b)(5)" [*Id.*]. According to Plaintiff, he "promptly investigated the issue and now seeks a brief extension and alias summonses to cure any arguable defect" [*Id.*]. In addition, he consulted with Defendant, who does not oppose the motion [*Id.*]. To support his request, Plaintiff filed the Declaration of Jeffrey Glaspie, his counsel [Doc. 13-1], and the Declaration of Michael Carbone, the process server [Doc. 13-2].

## II.     ANALYSIS

Plaintiff's request is governed under Rule 4(m), which provides as follows:

> **(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1).

Fed. R. Civ. P. 4(m). The Sixth Circuit has explained that Rule 4(m) requires a two-step analysis when the plaintiff does not effect service within ninety days. *Stewart v. TVA*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). The Court must first determine whether plaintiff has shown good cause for the failure to serve. *Id.* If plaintiff has shown good cause, the Court must grant the extension. *Id.*; *see also* Fed. R. Civ. P. 4(m). Whether plaintiff has established good cause is within "the sound discretion of the district court." *Williams v. Smith*, No. 98-1700, 1999 WL 777654, at *1 (6th Cir. Sept. 17, 1999). If the plaintiff has not shown good cause, then the Court may either dismiss the action without prejudice or order that service be completed. *Id.*

2

The Court finds that Plaintiff has established good cause for an extension to serve Defendant. Plaintiff took a reasonable and diligent effort to serve Defendant, but the process server did not retain the certified-mail Article Numbers, and now, Plaintiff "cannot verify delivery through USPS tracking" [Doc. 13 p. 2; *see also* Docs. 13-1 and 13-2]. *See Searcy v. GUUAS, LLC*, No. 2:19-CV-3124, 2020 WL 1694987, at *3 (S.D. Ohio Apr. 6, 2020) (concluding that the plaintiff established good cause to serve the defendant because the plaintiff had been diligent in attempting to locate and serve the defendant). Accordingly, given that Plaintiff has established good cause, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

But Plaintiff filed the motion after the April 27, 2026, deadline to serve Defendant. Pursuant to Rule 6(b)(1)(B), if "a party requests an extension of a deadline after that deadline has passed, the Court can grant an extension only on a motion and upon a finding of good cause and excusable neglect." *Boyd v. City of Warren*, No. 16-12741, 2019 WL 1423244, at *2 (E.D. Mich. Mar. 29, 2019) (citation omitted), *objections overruled sub nom.*, *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582 (E.D. Mich. Aug. 16, 2019). There are four relevant factors to determine excusable neglect: "(1) the danger of prejudice to defendant[]; (2) the length of the delay and its impact on judicial proceedings; (3) the reason for the delay, including whether it was within plaintiff's reasonable control; and (4) whether plaintiff acted in good faith." *Sydney v. Columbia Sussex Corp.*, No. 3:13-CV-312, 2014 WL 7156953, at *4 n.1 (E.D. Tenn. Dec. 15, 2014) (citation omitted). Here, Defendant does not oppose the request, there is little delay, and Plaintiff acted in good faith. Further, Plaintiff explained that his process server merely did not retain the Article Numbers, so he cannot verify service was made [Doc. 13 p. 2; *see also* Doc. 13-2]. The Court therefore finds an extension is warranted.

## III. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Extension of Time to Complete Service, for Issuance of Alias Summonses, and to Permit Amended Proof of Service [**Doc. 13**]. Plaintiff **SHALL** serve Defendant on or before **May 29, 2026**, and file proof of such service under Rule 4(*l*)(3).

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

4